Shrikumar **PODDAR**, individually and as plan administrator and trustee; **Mayurika Poddar**, individually and as trustee; **Vaishnava Center for Enlightenment, Inc.**, d.b.a. **International Service Society**; and **India Foundation, Inc.** on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**STATE BANK OF INDIA**, Defendant.

No. 98 Civ. 1691(MGC).

United States District Court, S.D. New York.

Jan. 11, 2000.

**134.** Pl. Mem. 25.

McCarthy, Fingar, Donovan, Drazen & Smith, L.L.P., White Plains, NY, by, Daniel H. Williams, III, for Plaintiffs.

Kelly Drye & Warren LLP, New York City, by Paul F. Doyle, Kevin C. Walker, Michelle M. Graham, for Defendant.

## OPINION

CEDARBAUM, District Judge.

Plaintiffs sue for breach of the terms of bonds purchased from defendant State Bank of India ("SBI"). SBI moves to dismiss the complaint on the ground of forum non conveniens. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiffs Shrikumar Poddar, Mayurika Poddar, Vaishnava Center for Enlightenment, Inc. and India Foundation, Inc. seek damages for breach of contract and unjust enrichment stemming from SBI's alleged failure to deliver payment of the principal amount of certain bonds on the due date.

The bonds at issue are Series II India Development Bonds ("IDBs"). SBI issued the IDBs in accordance with *The Remittances of Foreign Exchange and Investment in Foreign Exchange Bonds (Immunities and Exemptions) Act, 1991* (the "Act"). The Act was designed to attract foreign currency to the Indian economy. It encouraged investment in foreign exchange bonds by providing purchasers with certain tax benefits in India. Only individuals of Indian origin not residing in India and certain overseas corporations controlled by such persons could purchase IDBs. For purposes of the IDBs, persons of Indian origin were persons who at any time had held an Indian passport or who had a parent or grandparent who was at any time a citizen of India.

Plaintiff Shrikumar Poddar purchased IDBs in the face amount of $100,000 in his individual capacity, $100,000 in his capacity as plan administrator of the ESS Employees Profit Sharing Trust, and $75,000 in his capacity as trustee of the Mayurika Poddar family trust. (Cmplt.¶23.) Plaintiff Mayurika Poddar purchased IDBs in the face amount of $100,000 in her individual capacity and $75,000 in her capacity as trustee of the Shrikumar Poddar Family Trust. (Cmplt.¶24.) Plaintiff Vaishnava Center for Enlightenment, Inc. purchased IDBs in the face amount of $100,000. (Cmplt.¶25.) Plaintiff India Foundation, Inc. purchased IDBs in the face amount of $100,000. (Cmplt.¶26.) Each of the named plaintiffs purchased the IDBs by submitting an application and remitting funds to the SBI branch in New York City. Plaintiffs have characterized this action as a class action on behalf of all bondholders similarly situated, but a class has not yet been certified.

The IDBs matured on February 15, 1997. The Terms of Offer of the IDBs provided that "[t]he principal amount of the IDBs and the interest earned thereon ... are payable in U.S. Dollars on expiry of five years from the date of allotment." To redeem the IDBs, holders were required to present the IDBs with "instructions regarding disposal of the proceeds to the Issuing Office, the State Bank of India, NRI Branch ... Bombay." Plaintiffs allege that they complied with all of the redemption requirements but did not receive payment on February 15, 1997 as, they contend, the terms of the IDBs required. The complaint does not state when the named plaintiffs actually received payment, and the named plaintiffs do not specify their damages.

SBI asserts that it mailed warrants to bondholders on February 15, 1997 and that mailing payment on that date fulfilled its obligations under the terms of the IDBs. The resolution of the underlying dispute

will depend on how the redemption term of the IDBs is interpreted.

The Terms of Offer of the IDBs state that "[t]he Courts in India and the United States of America only shall have jurisdiction in respect of all matters of disputes about the IDBs."[1] The Terms of Offer were not negotiated by plaintiffs. Plaintiffs accepted the Terms of Offer as presented by defendant by purchasing IDBs.

## DISCUSSION

 Defendant must make the difficult showing that enforcement of the forum selection clause would be "unreasonable or unjust" or that the clause was the product of "fraud or overreaching" to avoid the enforcement of the forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513, 523 (1972). The difficulty of making such a showing is particularly great in this case because the defendant drafted the language consenting to jurisdiction in the courts of the United States. Plaintiffs are contractually bound to bring any action relating to the IDBs in a United States or Indian court. Plaintiffs have complied with that obligation. Since SBI has a branch in New York, SBI drafted the clause at issue, and SBI solicited the purchase of IDBs in this country, enforcing the forum selection clause in this case is not so "unreasonable or unjust" as to justify setting it aside.

Defendant argues that the forum selection clause is "permissive" rather than "mandatory" and that, therefore, the *M/S Bremen* standard does not apply. *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir.1993). But an examination of *Blanco* shows that defendant's characterization of the forum selection clause in this case is erroneous. In *Blanco*, the forum selection clause stated that an action "may be brought" in one of four listed jurisdictions. The Court of Appeals read the word "may" as permissive language. Indeed, the Second Circuit emphasized that a forum selection clause identifying a number of permissible fora could be mandatory if the words used were words of command. *Blanco*, 997 F.2d at 979 ("We reach this conclusion solely because of the nonmandatory words the parties chose to express their agreement, and not ... because the permissive clause contemplates more than one forum.").

This forum selection clause, in contrast, limits available fora to courts in the United States and India *only*. This clause uses the word "shall," thereby consenting to jurisdiction in the courts of the United States and India, and uses the word "only," thereby making those courts the exclusive fora that may decide disputes arising from the IDBs. The combination of these words makes the clause mandatory. The plaintiffs have chosen a forum in compliance with a contractual obligation that the defendant drafted. The defendant will not now be heard to complain that the United States is an inconvenient forum.

Even if normal forum non conveniens analysis applied in this case, defendant has not shown that the balance of both public and private interests weighs so strongly in its favor that plaintiffs' selection of a forum to which defendant has consented should be overturned.

## CONCLUSION

Defendant drafted a mandatory forum selection clause consenting to be sued in the United States. It cannot now complain that India is the only convenient forum for this action. Moreover, defendant has not made the strong showing required to prevail on a motion to dismiss for forum non conveniens. Accordingly, defendant's motion is denied.

SO ORDERED.

---

1. This same clause also appears on the face of the IDB certificates. The certificate explicitly incorporates the Terms of Offer as a part of the governing contract. For simplicity, this opinion only refers to the Terms of Offer.